UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 0 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| KEITH RUSSELL JUDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07 2204 |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.[1] The Court will deny the application and dismiss the complaint without prejudice.

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, a prisoner who qualifies for *in forma pauperis* status must pay a partial fee initially and then may pay the balance of the remaining fee in monthly installments. 28 U.S.C. § 1915(b); *see Chandler v. District of Columbia Dep't of Corr.*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). Unless a prisoner "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999).

---

[1] Plaintiff submitted two complaints, received by the Clerk of Court on October 9 and 15, 2007, which appear to be identical. The complaints are consolidated for purposes of this Memorandum Opinion and Order.

It is clear that plaintiff has accumulated more than "three strikes" for purposes of the PLRA. *See Judd v. Ashcroft*, No. 03-5124, 2003 WL 22304424, at *1 (D.C. Cir. Sept. 30, 2003) (per curiam) (ordering payment of filing fee because plaintiff had accumulated at least three strikes for purposes of § 1915(g)); *Judd v. United States District Court*, No. 98-51155, 1999 WL 274610, at *1 (5th Cir. Apr. 16, 1999) (per curiam) (concluding that dismissal of third appeal as frivolous is third "strike" for purposes of § 1915(g)); *Judd v. Fed. Election Comm'n*, No. 1:07cv637, 2007 WL 2900514, at *1 (E.D. Tex. Oct. 2, 2007) (barring plaintiff from proceeding *in forma pauperis* under § 1915(g) because he had accrued three strikes); *Judd v. Furgeson*, 239 F. Supp. 2d 442, 443 n.1 (D.N.J. 2002) (noting that plaintiff had filled more than 200 civil actions and appeals in federal courts nationwide, more than a dozen of which were dismissed at the outset as frivolous); *see also Judd v. United States District Court for the Western District of Texas*, 528 U.S. 5, 6 (1999) (per curiam) (barring prospective filings in noncriminal cases because of plaintiff's prior abuse of the writ of certiorari and extraordinary writs). Plaintiff does not show that he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), and cannot avoid his obligation to pay the filing fee in full on this basis.

Following the lead of the federal circuits and districts which have barred plaintiff's filings under the PLRA's "three strikes" provision, this Court, denies plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). An Order consistent with this Memorandum Opinion is issued separately.

Date: 11/9/08

United States District Judge